The next case on the call this morning is agenda number 2, number 128-644, People of the State of Illinois v. Russell Frey. Counsel for the attorney, are you prepared to proceed? Please state your name for the record. Good morning, Your Honor. Good morning. May it please the Court, my name is Eric Levin. I'm an Assistant Attorney General on behalf of the people. This Court held in People v. Greer that when a post-conviction petition advances to the second stage by default, an appointed counsel subsequently moves to withdraw on the ground that the petition is frivolous or patently without merit, that motion should be granted if counsel has fulfilled his Rule 651C duties and if the record demonstrates that the defendant's claims are in fact frivolous or patently without merit, notwithstanding any error or omission in the motion itself. Applying that standard here, the appellate court should have affirmed the trial court's order allowing counsel to withdraw. Instead, the appellate court reversed and remanded for further second stage proceedings and the appointment of new counsel without finding that any one of the defendant's claims was not frivolous. The Court did this, in essence, by smuggling consideration of the content of counsel's motion to withdraw into the Rule 651C analysis and concluding that counsel could not have satisfied his duty under Rule 651C to consult with the defendant to ascertain his claims solely because the motion to dismiss, or excuse me, the motion to withdraw did not address what the appellate court deemed to be one of the defendant's claims. But this rationale is fundamentally flawed for three reasons. First, it erases the distinction between the Greer standard and the more stringent standard that this Court adopted in People v. Kuhner for cases involving petitions that advance not by default, but because of an affirmative first stage finding of non-frivolousness. Second, the appellate court's decision here ignores the presumption of Rule 651C compliance that arises from counsel's filing of a Rule 651C certificate. And third, the appellate court's decision here improperly second guesses counsel's presumptively reasonable judgment made after consultation with the defendant about what the defendant's claims actually are. I'd like to start with this Court's decisions in Greer and Kuhner, which together, as I mentioned, established that the standard for evaluating a motion to withdraw in a post-conviction case depends on the manner in which that petition advanced to the second stage. In Greer, where the petition advanced by default, this Court made clear that the decision of whether to allow counsel to withdraw ultimately turns not on the content of the motion to withdraw, but on an assessment of whether counsel has fulfilled his duties under Rule 651C and whether the petition is, in fact, frivolous or patently without merit. The Court explained in Greer that the reason for this lower standard is because when a petition advances to the second stage due to what this Court called the fortuity of judicial inaction, it very well may be that that petition is frivolous or patently without merit. And in such circumstances, it would not be at all unusual that counsel, after consulting with the defendant and reviewing the record, would come to the conclusion that there were no non-frivolous issues to present and that withdrawal was appropriate. And the Court recognized that in those circumstances, the reason that the legislature dictated that a petition advance to the second stage was not any sort of belief that the petition might have merit, but instead just a legislative desire to jumpstart the process. In contrast, in Kuhner, where the petition advanced to the second stage based on an affirmative first-stage finding that it was not frivolous, this Court recognized that a decidedly higher burden was necessary because in those circumstances, a request to withdraw is an extraordinary request. Those are this Court's terms. And the Court recognized that because of those very different procedural postures between Greer's situations and Kuhner's situations, different standards were necessary. Here, though, in contrast, the Appellate Court essentially collapsed that distinction and said, you know, we recognize that the Greer standard applies, but we still think that some sort of assessment of counsel's motion to dismiss has to be made in the Rule 651C process. But that leads to the second and third errors in the Appellate Court's decision. It fundamentally misapplied Rule 651C. First, of course, it ignored the presumption of compliance that arises from the filing of the Rule 651C certificate, but it also misconstrued the crux of the relevant Rule 651C duty. That duty directs counsel to consult with the defendant to ascertain his or her contentions of constitutional deprivation. It doesn't, as the Appellate Court seemed to think, direct counsel to ascertain those claims by parsing the petition. It rather directs counsel to ascertain those claims by consulting with the defendant. And here, the record not only doesn't rebut the presumption, but it actually supports the presumption that counsel here consulted with the defendant and reasonably ascertained following those consultations or that consultation that the defendant did not, in fact, intend to raise a standalone due process claim based on his jury note allegations. And that conclusion is supported by the structure and content of the pro se petition itself, where the defendant essentially embeds these jury note allegations in other claims, refers to the allegations themselves as newly discovered evidence, and essentially makes an argument that counsel on direct appeal, a similar argument to what counsel made on direct appeal, which suggests that the jury note allegations lend support to the other claims, perhaps by showing that the evidence was closely balanced and that perhaps he was prejudiced by some of his ineffective assistance claims. To the extent there's any doubt from the petition itself, we know on the record that counsel explained on the record that he reviewed his motion to withdraw with the defendant. So the defendant knew that the motion to withdraw does not discuss any additional claim based on the jury note allegations. And yet the defendant did not at that point say to the court, you know, your honor, he's overlooked one of my claims. I also have this additional claim. He again makes no reference to a jury note claim or a due process claim at the motion to dismiss hearing. All of these factors together, as I say, support, and at the very least demonstrate that the record does not rebut the presumption that here counsel complied with his Rule 651C duties and that he consulted with the defendant and reasonably ascertained what the defendant's contentions were. That being the case, this being a Greer case where the petition advanced by default and where counsel certified compliance with his Rule 651C duties and where the record does not affirmatively rebut that presumption of compliance, the question for the appellate court should have been whether any of the defendant's claims was non-frivolous. Now on appeal, the only claim that the defendant pressed was this supposedly overlooked due process jury note claim. But the appellate court refused to even consider whether this claim had any potential merit. Instead, it adopted a rule of automatic remand on the theory that the claim had not yet been shaped into proper form by counsel. But courts every day in the trial courts and on appeal conduct first-stage frivolousness reviews without any shaping of the claims by counsel. And that's precisely the standard that the court should have applied here. It could have and should have assessed the claim on its face to determine whether this claim was not frivolous. And if the court found that it was not frivolous, then Greer would have dictated remand for further proceedings. But here the appellate court refused to even take that next step and instead simply automatically remanded for further proceedings on a claim that now has never been determined to not be frivolous. Of course, the trial court didn't make that assessment because it, for whatever reason, didn't do a timely first-stage review. The trial court then dismissed the petition at the second stage and the appellate court itself has now never made any finding that this claim has potential merit. And yet we've remanded for further second-stage proceedings the appointment of new counsel that's simply just going to create wasteful further proceedings. And it's our position, as we argue in the brief, that the appellate court here should have affirmed the order allowing counsel to withdraw because this supposedly overlooked due process claim is in fact frivolous or patently without merit. The defendant's allegations and the allegations of his sister in the affidavit that he submitted are contradicted by the record and, frankly, they're fanciful allegations. The idea that the trial court in this case told the jury off the record in a conversation that somehow the defendant's sister was able to witness that the jurors could not leave that evening unless they all agreed on a verdict is simply fanciful. And, in fact, it's not even supported by Schaffer's affidavit. Schaffer does not make any mention of the judge telling the jurors that they couldn't leave that night if they didn't reach a verdict. She says only that the judge told the jurors they couldn't continue their deliberations the next day. That allegation itself is not supported by the record. The note itself that is in the record, the jurors report that they're deadlocked and ask for advice, but they make no mention of wanting to pause their deliberations for the evening. The record here also shows that after the court answered the first note from the jurors at 6 o'clock on the record, the court then remained in recess until shortly before 10 o'clock when the jury did return its verdict. There's no mention in the record of the court coming out of recess and addressing the jurors. The court also, when it excused the jurors to deliberate initially at around 4 o'clock in the afternoon, it noted on the record that there was no guarantee that the jury was going to return a verdict that evening, and it made no mention of any sort of scheduling difficulties that that would entail. So again, the idea here that the judge told this jury off the record that it couldn't leave that evening unless it reached a verdict, it's just fanciful allegations. They're contradicted by the record. For that reason, the claim is frivolous or patently without merit, and there's no reason for the appellate court here to have remanded this for further proceedings. Any questions? If there are no questions, we would ask the court here to reverse the appellate court's judgment and to reinstate the judgment of the trial court, allowing appointed counsel to withdraw and dismissing the post-conviction petition. Thank you very much, counsel. Thank you. Counsel for the appellate, please state your name for the record. Good morning, Your Honors. May it please the court and counsel. My name is Christina Solomon from the Office of the State Appellate Defender, and I am representing the appellee, Mr. Russell Frey. This case turns on an extremely narrow set of facts and only requires the application of well-settled law. The only issue at stake here is whether such a case post-conviction counsel violated Rule 651C when he omitted an issue from his motion to withdraw where the petition was advanced after the 90-day rule violation. And the answer is yes, and that's for three reasons. First, the omission is an indication that counsel did not ascertain nor did he present the claim to the trial court. Second, there's a potential for severe miscarriage of justice if, as here, the claim is never reviewed, not by the trial court at the first stage nor by appointed counsel nor by the state in its motion to dismiss nor by the trial court in dismissing the petition. And third, this would create a simple rule for counsel appointed at the second stage seeking to withdraw. If this court agrees that this was a 651C violation, then there's no need to apply a harmless error analysis. Therefore, Mr. Frey requests that you affirm the Second District's decision. Counsel, what about opposing counsel's statement that 651C requires consultation, not parsing? How do you respond to that? Your Honor, this court discussed this in CUNER, and reading the petition is a part of counsel's 651C duties. That is part of ascertaining counsel's, I'm sorry, his client's assertions of constitutional deprivation. More than that, in a case where the issue, the claim was supported by an affidavit, this was the only claim that was supported by an affidavit. This is not some claim that was inserted within some random paragraph. This is the only claim in Mr. Frey's petition that was supported by an affidavit. This isn't parsing the petition. Your Honor, the omission was a 651C violation because it did not ascertain nor amend the claim for the presentation to the trial court, even if that was just to tell the trial court that the claim was frivolous. This is something that was highlighted in CUNER and discussed by the Second District and more. First, in CUNER, the court discussed how it was counsel's job to ascertain the client's, their client's claims and also to present them to the trial court. And in more, it discussed how a claim not in its final form can't be reviewed on appeal. Counsel, of course, in CUNER, we had a situation where there had already been a determination at the first stage that the petition was not frivolous. Correct? And, of course, in contrast back to Greer, where that was not the situation, did Greer state that you have to include every claim and basically give a reason for why you're not addressing each claim if you move to withdraw? No, Your Honor, but that is exactly why Greer is not dispositive in this case. Greer is only instructive.  was merely that counsel was allowed to withdraw. Not that counsel had, not how counsel should withdraw. And regarding CUNER, there are similar facts, as you pointed out, regarding the motions to withdraw. But the key difference being that here, Mr. Frey's due process claim was never reviewed by a trial court. And that is exactly why Rule 651C is invoked. But what does that certificate mean when it says that, you know, you have counsel basically indicating that I have consulted with the defendant and I've shaped the claims, you know, as necessary? What does that mean? Your Honor, I think it means that counsel has had the opportunity to review what needed to be reviewed. And the main point about the certificate is that it is a rebuttable presumption. What does the certificate require us to presume? I believe that the certificate would require, would allow the court to presume that counsel did exactly what the certificate says. However, because it is a rebuttable presumption, that does not mean that counsel is immune to any review on appeal. So you can rebut the presumption by simply stating, well, there's another claim that counsel didn't say anything about? Yes, Your Honor. I think so. I would say that, in part, the reason that it rebuts the presumption is because it shows that counsel did not ascertain the claim. And it's why the state's proposed discretionary standard is so flawed. It's because if we rely on counsel's assessment of the merits and this presumption of compliance, there's no record for a review in court to determine whether or not withdrawal was proper. Here, you can't, there's no way for a review in court to be able to tell whether or not trial court, excuse me, counsel actually did follow 651C's mandates. So basically you're saying that because counsel did not, let's say aggressively or fully explain to the court why his client's claims were meritless, he should have done more to explain to the court why the claims were meritless. And because he didn't do more to explain why the case was meritless, therefore, it was unreasonable assistance. Is that right? Your Honor, I think the key point here is that counsel's motion to withdraw was put forward to show the trial court why he could not represent the client because he was fulfilling his duty to the court. If counsel is going to withdraw, he should do so thoroughly so that the trial court can make its own determination on the merits of every claim in Mr. Frey's petition. And that's because it is the trial court that makes the ultimate determination of the merits of the claim. Here, essentially Mr. Frey was put in a worse spot than if counsel had just stood on the petition because one of his issues essentially disappeared and was not in the state's motion to dismiss because the motion to dismiss adopted defense counsel's motion to withdraw. And the trial court relied on defense counsel's motion to withdraw in coming to its finding and dismissing the petition. And while Greer is instructive because of its analysis on counsel's ethical duties, as I said, it's not dispositive here. It explains how the counsel has a duty to describe to the trial court why it can no longer represent its client. But the flip side of that duty, of course, is counsel's duty to their client to zealously represent. And this means that if there's even one non-frivolous issue that counsel can represent his client on, then he must, that creates the obligation to continue to represent the client. And that is why if counsel misses even one issue from his motion to withdraw, he's not fully explained to the court why the withdrawal is not an abandonment of his duty to his client, but rather is an exercise of his duty to the court. If this court agrees that counsel's omission from his motion to withdraw was a Rule 651C violation, then the precedent is clear that no harmless error analysis need be applied. This is just following Suarez and Turner and Johnson and the recently decided Addison, where this court said that a pro se petitioner is entitled to have his claims properly presented before the merits of those claims are determined. And this case is similar to Addison in that in both cases, the attorneys failed to present their client's claims in the proper legal format to the trial court. And the trial court did not have the opportunity to review those claims. Of course, in this case, even if the conclusion was that the conclusion by the appointed counsel was that the issue is frivolous, again, it is the trial court's ultimate decision to make that determination. It is not counsel's job to make that final determination for Mr. Gray. The state argues that this court should look to Greer to analyze the merits of the claim. But again, Greer is only instructive. And in Greer, a key difference in that case than here is that counsel in Greer addressed every single issue in his motion to withdraw. Even though this court in Greer did say that the motion was insufficient in other ways, counsel addressed every single issue. And it was not analyzed through 651C. And so Greer should not be the only lens by which this court decides whether or not to review the merits. Even if this court decides to apply harmless error analysis, the record is insufficient to rebut Mr. Gray's claim. The state argues that the facts in the affidavit and the petition aren't sufficient to make out a due process claim. But we must take these facts as true, and we liberally construct the claim from the petition. Taking these facts as true, they are sufficient to make out a due process claim, and the record does not rebut it. The fact that there was a jury note filed with the clerk and it's in the common law record asking for advice from the court on how to proceed if there's a deadlock, and the fact that there's no transcript on the record indicating what the trial court did in that circumstance is an anomaly enough to require further investigation. So I'm going to go back to my question I asked earlier. Obviously, we know this is the issue in every one of these cases over and over again in the last year and a half, right? 651C, the affidavit's filed, and then the argument made that we should look beyond that presumption to determine whether or not there's been reasonable assistance over and over again. We see these cases this morning twice. Let's say this is a first-stage case. This was what was presented to the court. The court has the statutory authority without input from anyone to review it and make a determination whether it's frivolous and without merit. So let's say the trial court looked at all of this and said, based on years and years of precedent, the affidavit is contradicted by the record, and the trial court said, therefore, under my statutory authority, I'm going to dismiss this petition. That would be the end of the case, and I think maybe it would be a hard argument to make an appeal that that wasn't correct. We at the court say that all the time. So what's the message we're sending to trial judges? Decide cases at the first stage? Don't let petitioners get a lawyer? Isn't that what's arising from all of these cases? If the trial court at the first stage ends the case without any input from the defendant, without any representation from the defendant, the case is over. But if the court appoints a lawyer, it's going to end up in the Supreme Court. Is that the message we're sending to trial courts? No, Your Honor, I don't think so. And the reason is, is because here the fact of the matter is that the petition was not reviewed at the first stage, and it was sent on to the second stage. The trial court said, you know what, I'm not going to do this. I'm going to give this man a lawyer. Right? That's what happened. Yes. And so then at that point Mr. Frey was at the second stage. Regardless of how it is at the second stage, it becomes an adversarial process. There becomes a higher burden for Mr. Frey to meet. And that means that there's a motion to withdraw, the state is arguing against Mr. Frey's claims. So, yes, at the first stage there is no counsel to present Mr. Frey's claims. However, there is no state arguing against him as well. And Mr. Frey's petition at the second stage, now that it's there, Mr. Frey has the statutory right to have his claims presented to the trial court. Again, this is a matter of whether or not the trial court is able to review the claim. And here his claim simply was not reviewed. The state did not include this due process claim in their motion to dismiss. And I think that alone is an error, regardless of whether or not, you know, there's agreement on where the issue stands itself. However, I would argue that the record does not rebut the claim, simply, again, because of that anomaly and the other things, including the fact that Schaefer's affidavit shows that there was, presents some facts, but if taken as true, would indicate that the trial court did something outside of what it needed to do if presented with that claim, the jury note, during deliberations. And I think something that should be noted is that the state didn't make this argument to the trial court at the trial court level. The state had the opportunity to argue the merits of this claim. However, it didn't because it didn't include the issue in his motion, in their motion to dismiss. And so now, arguing this on appeal, where we don't have a proper filled-out record and with an insufficient motion to withdraw, is, it requires remand for that reason. If this court doesn't have any other questions, I will conclude. For these reasons, this court should affirm the second district decision, find that counsel violated Rule 651C, and remand this case for further proceedings without applying a harmless error analysis. Thank you. Thank you very much, counsel. Counsel for the appellant, you may reply. Thank you, Your Honor. I'd like to just make two brief points. I think one of the fundamental flaws in the defendant's argument before this court is the underlying assumption that the defendant's, that one of the defendant's claims was, in fact, this due process or jury note claim. And I absolutely agree that the petition can be liberally construed to raise that claim. But what matters here is that the petition can also very reasonably be construed to not raise it as a stand-alone claim, but instead to address it as evidence in support of the other claims. And that's why it really matters here that Rule 651C directs counsel to ascertain the defendant's claims not simply by reviewing the petition, but by consulting with the defendant. And here, there's no evidence in the record to overcome the presumption that flows from the certificate that counsel did, in fact, do that and reasonably concluded that the defendant did not intend to raise a stand-alone due process claim, which is supported by the fact that the defendant does not tell the trial court, hey, my attorney overlooked one of my claims when he's given a chance to respond to the motion to withdraw. The other point I want to address is the idea that somehow our position here will result in the possibility that potentially meritorious claims will never be addressed. That could not be further from the truth. Our position, which relies, frankly, on a straightforward application of Greer, is that the appellate court in this case should have addressed this claim. If the appellate court thought that the petition did, in fact, raise this claim, Greer would have dictated a remand if the appellate court found that the claim was not frivolous. That's all we're asking for here is that some court make an assessment of whether there is, in fact, a non-frivolous claim before remanding for further post-conviction proceedings. How do we deal with, oh, I've lost the name of the case, Suarez? Sanchez. Sanchez. Is that the case that says that at the second stage that we can't look at prejudice? I think that you're referring to people versus Suarez. So what we have is this. If it was ineffective assistance of counsel, to analyze ineffective assistance of counsel, we've got to consider prejudice. Yes, there's some kind of deficient conduct performance, but we have to look at prejudice. But we're in a place here where somehow if it's a lower standard of unreasonable assistance or reasonable assistance, we can't look at prejudice or put in context what may be a questionable decision by the lawyer? Is that – how does the court deal with that? Well, Your Honor, I absolutely – At the appellate court level as you are. Yeah, I absolutely recognize the – I think what – the problem you're sort of getting at here. And, you know, our office has made a number of attempts to argue to the court that there really should be some prejudice assessment at the second stage even where counsel doesn't fulfill his Rule 651C duties. But the court does not have to reconsider any of its prior precedents here. Suarez is simply not – Suarez, Addison, those cases are simply not applicable because there was no Rule 651C violation here. Rule 651C directs counsel to consult with the defendant to ascertain his claims, to review the record, and to make any necessary amendments to the petition. Counsel is certified that he did those three things, and nothing in the record rebutts that presumption. This is a case that arises under Greer. It's not a Rule 651C case. The only question here is did this petition in fact present a non-frivolous claim? And if it did, then counsel – then the defendant's entitled to a remand. But if it didn't, he's not. And the appellate court here just did not make any assessment of whether there was any non-frivolous claim in this petition. It instead adopted the automatic remand rule of CUNER, but CUNER does not apply to cases that advance by default. CUNER is just a fundamentally different case because there you do have a trial court finding that the petition is not frivolous, and that's the reason it advanced to the second stage. The court recognized in CUNER that because of those facts, because of that very different procedural posture, a decidedly higher burden on counsel is warranted. But this is not a CUNER case. This is a Greer case, and Greer makes clear that it's not any assessment of the motion itself, but it's rather the court's supposed to look at did counsel fulfill his duties under Rule 651C, and are the claims in fact frivolous? And we're simply asking the court to reaffirm Greer. Thank you, Your Honor. Thank you. Thank you both for your spirited arguments. And that's this case, number one. Agenda number two, number 128644, people who say Illinois versus Russell Frye, will be taken under advisement.